UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| RON PATRICK ALLEN | CASE NO.  6:23-CV-01018 |
| VERSUS | JUDGE DAVID C. JOSEPH |
| RICHARD WILLIAMS HUYE III | MAGISTRATE JUDGE DAVID J. AYO |

### REPORT AND RECOMMENDATION

By Order dated August 11, 2023, the undersigned granted plaintiff Ron Patrick Allen ("Allen") a period until September 8, 2023 in which to file evidence into the record tending to show that there exists complete diversity among the parties and an amount in controversy meeting the jurisdictional threshold required for diversity jurisdiction under 28 U.S.C. § 1332.  (Rec. Doc. 3).  The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636.

Federal courts are courts of limited jurisdiction possessing only that authority granted to them by Congress and the United States Constitution. *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994).  Federal district courts have original jurisdiction in all cases where the amount in controversy exceeds $75,000, exclusive of interest and costs and is between citizens of different States.  28 U.S.C. §1332(a)(1).  Federal diversity jurisdiction requires, thus, that the parties be completely diverse in citizenship and the amount in controversy among them be more than $75,000, without consideration of any interest or costs that may apply. Complete diversity exists where no person on one side of the controversy shares citizenship of any state with any person on the other side of the controversy. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077 (5th Cir. 2008) (citing *McLaughlin v. Miss.*

1

*Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (citing *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968)). As the party invoking the Court's jurisdiction, Allen bears the burden of establishing a basis for such jurisdiction. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (citing *Gaitor v. Peninsular & Occidental Steamship Co.*, 287 F.2d 252, 253 – 54 (5th Cir. 1961)).

Where, as here, the Court must determine whether an amount in controversy is sufficient to permit an exercise of its jurisdiction, the court first examines the complaint to determine whether it is facially apparent that the claims exceed the jurisdictional amount. *Harford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (citing *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1252 (5th Cir. 1998). If the amount in controversy is not facially apparent, the court may rely on "'summary judgment' type evidence." *Id.*

Allen's suit alleges that defendant Richard Williams Huye, III ("Huye") wrongfully deprived him of funds totaling $23,136.92, representing proceeds paid from his insurer, American Bankers Insurance Company of Florida, on Allen's claims for hurricane damage to his residence. (Rec. Doc. 1-2). Specifically, Allen claims Huye has withheld checks from his insurer and initially agreed to a fee in the amount of 1/3 of any recovered funds, but now claims 40% of those recovered funds, despite never having filed suit on Allen's behalf. (Rec. Doc. 1 at p. 7).

Plaintiff's *pro se* complaint invokes federal diversity jurisdiction, alleging Allen is a resident of Louisiana and Huye is a citizen of Texas. (*Id.* at p. 3). Allen further claims $23,136.92 as the amount in controversy. (*Id.* at p. 4). After review of the complaint, the undersigned issued an Order directing Allen to file evidence into the

2

record to establish diversity jurisdiction in this matter on or before September 8, 2023 based on its finding that the requisite amount in controversy was not facially apparent. (Rec. Doc. 3).

On September 6, 2023, Allen filed a document entitled "Mortgage" which appears to be a mortgage as to a mobile home bearing Serial Number CS2017696TNAB in the amount of $97,272.48 at the rate of 9.66% per annum, beginning on May 1, 2015. (Rec. Doc. 6). No further evidence was submitted pursuant to this Court's Order.

Although the circumstances giving rise to Allen's claims appear to involve the residential property described in the mortgage documents filed at Rec. Doc. 6, this Court does not find the amount of the mortgage debt incurred by Allen and his spouse jointly is probative regarding the amount in controversy in this case. In this matter, Allen alleges Huye forged his signature on checks issued in payment of hurricane damage claims, forwarded such checks to Allen's mortgage company and then deposited the checks into his law firm's accounts once the mortgage company "stamped" them. Allen claims Huye undertook these actions to retain an improper fee in excess of what he and Allen agreed to prior to Huye's negotiations with Allen's insurer. (Rec. Doc. 1 at pp. 5, 7 – 8). If the Court were to assume that Allen received none of the $23,136.92 paid by his insurer, this amount would still not meet the jurisdictional threshold of $75,000, exclusive of costs and interest. Moreover, it appears that Allen admits Huye is entitled to retain 1/3 of this sum as his agreed fee for representing Allen in negotiations with his insurer, making the amount in

controversy the amount of insurer proceeds, less one-third: $15,424,61.[1] Assuming Allen also seeks compensatory damages for Huye's alleged wrongs, this Court still finds no reasonable basis for concluding that the amount in controversy will satisfy the jurisdictional threshold.  Considering Allen's allegations of wrongdoing by Huye and taking into account Allen's *pro se* status, there appears no basis for diversity jurisdiction in this case based on a lack of amount in controversy under 28 U.S.C. §1332(a).

As explained in this Court's prior Order, the record is also inconclusive as to Huye's citizenship for diversity jurisdiction purposes.  The address listed in the complaint is the Houston, Texas address of his former law firm, McClenny, Mosely and Associates ("MMA").[2] Allen's September 6 filing included no evidence regarding Huye's citizenship for diversity jurisdiction purposes. (Rec. Doc. 6).  Accordingly, this Court's finding that Huye's citizenship is inadequately alleged in Allen's complaint remains unchanged. (Rec. Doc. 3 at p. 2).

## Conclusion

For the reasons discussed herein, this Court recommends that plaintiff Ron Patrick Allen's suit be DISMISSED without prejudice for want to jurisdiction.  It is further recommended that Allen's two recent motions for extension of time to serve Huye (Rec. Doc. 7) and for an order directing the United States Marshal to serve Huye (Rec. Doc. 8) be DENIED as MOOT.

---

[1] 1/3 of the insurer payments is $7712.31.  $23,146.92 – $7712.31 = $15,424.61.
[2] Allen's complaint lists Huye's address as 1415 Louisiana St., Suite 2900, Houston, Texas, 77002. (Rec. Doc. 1 at p. 2).  Per https://www.mma-pllc.com/contact/, this is the address of MMA's Corporate Office.

4

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

**THUS DONE** in Chambers, Lafayette, Louisiana on this 31st day of October, 2023.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**